UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| In re: | Chapter 7 |
| Tamyka C. Fears, | Case No. 19-54711 |
|     Debtor. _____/ | Hon. Phillip J. Shefferly |
| Mark H. Shapiro, Chapter 7 Trustee for the bankruptcy estate of Tamyka C. Fears, | Adversary Proceeding No. 20-4266 |
|     Plaintiff, | |
| v. | |
| Carlton Joshua Mack, | |
|     Defendant. _____/ | |

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Introduction

On October 30, 2020, the Court held a hearing in this adversary proceeding on a motion for partial summary judgment filed by the plaintiff chapter 7 trustee. The Court made an oral ruling granting the motion but took some time to explain the

background in this case and explain the reasons for the Court's ruling. The defendant did not attend the hearing but that had nothing to do with why the Court ruled the way that it did. The Court ruled on the merits of the motion after it had thoroughly reviewed the papers filed by the plaintiff and the papers filed by the defendant. However, because the defendant was not at the hearing, and is not represented by an attorney, the Court stated that it would put its ruling in writing for the defendant to read.

This opinion and order grants the plaintiff's motion for partial summary judgment referred to above. All the rulings made by the Court at the hearing on October 30, 2020 are incorporated in this opinion and order. For the reasons stated at the hearing, and for the additional reasons set forth below, the Court grants the plaintiff's motion.

## Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(H), over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

## Facts

The following facts are not in dispute.

Tamyka C. Fears ("Debtor") lives with her children at 20314 Murray Hill, Detroit, Michigan ("Home"). The Debtor has held the title to the Home since at least

2014. On March 11, 2019 the Debtor signed a warranty deed ("March Deed") that conveyed the Home to herself and her son, Carlton Joshua Mack ("Defendant") as joint tenants with rights of survivorship for $1.00. The March Deed was never recorded.

On October 16, 2029, the Debtor filed this chapter 7 case pro se. Mark H. Shapiro ("Trustee") is the chapter 7 trustee in the Debtor's case. On December 11, 2019, Debtor made another transfer of the Home. On that date, the Debtor signed a quit claim deed ("December Deed") that quitclaimed the Home to herself and the Defendant as joint tenants with rights of survivorship for $1.00. Unlike the March Deed, the December Deed was then recorded.

On the schedule C the Debtor filed in her bankruptcy case, the Debtor claimed an exemption in her interest in the Home. The Debtor also claimed other exemptions. The Trustee did not object to the Debtor's exemption in the Home but did object to some of the Debtor's other exemptions. The Trustee and the Debtor reached an agreement to resolve those objections and filed a stipulation so stating. Their stipulation does not say anything about the March Deed, the December Deed or the Debtor's exemption in the Home. The Court approved their stipulation. The Debtor has now received a chapter 7 discharge of her debts.

On June 5, 2020, the Trustee filed this adversary proceeding to avoid both the March Deed and the December Deed and preserve those avoided transfers for the bankruptcy estate. The Trustee alleges that the Debtor did not receive any consideration for the March Deed and that the Debtor was insolvent when she made the March Deed. The Trustee alleges that the Debtor was not authorized to make and sign the December Deed because she was now in a chapter 7 bankruptcy case. The Trustee's first amended complaint has eight counts:

> Count I – avoidance of the December Deed under § 549(a).
> Count II – avoidance of the March Deed under § 548(a)(1)(A).
> Count III – avoidance of the March Deed under § 548(a)(1)(B).
> Count IV – avoidance of the March Deed under
> MCLA § 566.34(1)(a).
> Count V – avoidance of the March Deed under MCLA § 566.35(1).
> Count VI – avoidance of the March Deed under § 544(a).
> Count VII – recovery from Defendant as the initial transferee of both deeds under § 550.
> Count VIII – declaration that the avoided transfers are property of the estate under § 551.

The Defendant filed a pro se answer to the first amended complaint. On August 10, 2020, the Court held an initial scheduling conference. The Trustee attended the conference. The Defendant did not attend but the Debtor did. The Debtor explained that the Defendant is her 19 year-old son and that he had given her a power of attorney to appear on his behalf because he is just not familiar with all the legal issues that may be involved in this case. The power of attorney does not

state that the Defendant is incapacitated in any way. Rather, the Defendant just wants the Debtor to handle all of this. The Debtor went on to explain at the conference that she made and signed the March Deed to put the Defendant's name on the Home along with her name in case of her death. The Debtor further explained that she made and signed the December Deed because she was instructed to do so by the Trustee's assistant on November 27, 2019. According to the Debtor, because the March Deed was unrecorded, the Trustee's assistant needed the Debtor to produce a copy of a recorded deed. Believing that she was complying with that request, the Debtor made and recorded the December Deed, and denied that she had any intent to defraud her creditors.

The Court advised the Debtor that she cannot represent the Defendant in this adversary proceeding. The power of attorney does not change that fact. Even though the Court understood why the Debtor may want to protect her son, she is not an attorney and only an attorney is permitted to represent a person in a proceeding in this Court under Local Bankruptcy Rule 9010-1(a)(1). The Court explained further that the Defendant could either be represented by an attorney or he could represent himself, but the Debtor is not permitted to represent him. The Court urged the Debtor to speak to her son about getting legal help to defend this adversary proceeding.

On August 20, 2020, the Trustee filed a motion for partial summary judgment ("Trustee Motion") (ECF No. 19) on counts I, III, VI, VII and VIII of the Trustee's first amended complaint. On September 30, 2020, the Defendant filed a pro se response (ECF No. 20) to the Trustee Motion.

Standard for Summary Judgment under Rule 56(a)

Fed. R. Civ. P. 56 for summary judgment is incorporated into Fed. R. Bankr. P. 7056. Summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. Id. at 247-48. A "genuine" issue is present "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Berryman v. Rieger, 150 F.3d 561, 566 (6th Cir. 1998) (quoting Anderson, 477 U.S. at 248).

"The initial burden is on the moving party to demonstrate that an essential element of the nonmoving party's case is lacking." Kalamazoo River Study Group v. Rockwell International Corp., 171 F.3d 1065, 1068 (6th Cir. 1999 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). "The burden then shifts to

the nonmoving party to come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could return a verdict for the nonmoving party." Id. (citing Anderson, 477 U.S. at 248). "The nonmoving party, however, must provide more than mere allegations or denial . . . without giving any significant probative evidence to support" its position. Berryman v. Rieger, 150 F.3d at 566 (citing Anderson, 477 U.S. at 256).

<u>The March Deed</u>

The Trustee Motion identifies two counts in the Trustee's first amended complaint that seek to avoid the March Deed. Count III seeks to avoid the March Deed under § 548(a)(1)(B) of the Bankruptcy Code and count VI seeks to avoid the March Deed under § 544(a) of the Bankruptcy Code. The Court will first address count III and then turn to count VI.

Under § 548(a)(1)(B), the Trustee may avoid a transfer of an interest of the Debtor in property that was made within two years before the date of filing a bankruptcy petition if the Debtor (i) received less than a reasonably equivalent value in exchange for such transfer; and (ii) was insolvent on the date that such transfer was made.

The conveyance to the Defendant of an interest in the Home by the March Deed satisfies the definition of a "transfer" in § 105(54)(D) of the Bankruptcy Code as a mode of parting with property or an interest in property.

The next element under the statute is that the transfer must be made within two years before the Debtor filed a bankruptcy petition. The Defendant does not dispute that the March Deed was made and signed approximately seven months before the Debtor's petition, well within the two-year lookback period in the statute.

The next element under the statute is that Debtor must have received less than reasonably equivalent value in exchange for the transfer. The statute does not define "reasonably equivalent value," but § 548(d)(2)(A) does specify what value means for purposes of § 548: ""value" means property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor." The Defendant has not come forward with evidence that any value was given to the Debtor in exchange for the March Deed, let alone reasonably equivalent value.

The final element under § 548(a)(1)(B) is that the Debtor was insolvent on the date the transfer was made or became insolvent as a result of the transfer. When referring to an individual debtor, the term "insolvent" is defined in § 101(32)(A) of the Bankruptcy Code as meaning "financial condition such that the sum of [the

debtor's] debts is greater than all of such [debtor's] property, at a fair valuation" exclusive of property fraudulently transferred, concealed, or removed, and exclusive of property that may be exempted.

The Trustee relies on the Debtor's schedules to demonstrate insolvency. The Debtor's schedules list $26,425.00 in assets and $78,367.00 in debts. The March Deed was made and signed only a few months before the Debtor filed bankruptcy. The Defendant has not come forward with any evidence to show that the Debtor's financial condition was any different in March 2019 than it was in October 2019. More importantly, because the March Deed was not recorded before the Debtor filed her bankruptcy case, § 548(d)(1) effectively makes the date of the transfer the date that the Debtor filed her bankruptcy petition — October 16, 2019. The Defendant has not come forward with any evidence that would create a genuine issue of material fact regarding the Debtor's insolvency in either March or October 2019.

The Court will grant the Trustee Motion with respect to count III of the first amended complaint.

As noted above, the Trustee Motion seeks a summary judgment on another count in his first amended complaint that raises an independent basis to avoid the March Deed. Count VI of the first amended complaint seeks to avoid the March Deed under § 544(a)(3), with the Trustee using the strong-arm powers of a bona fide

purchaser for value. Under that section, the Trustee may avoid any transfer that is voidable by a bona fide purchaser of real property against whom applicable law permits such transfer to be perfected, that obtains the status of bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such purchaser exists. Here, the Trustee argues that because the March Deed was not recorded, a bona fide purchaser of the Home who perfected their interest in the Home at the time of the petition would have priority over the holder of the March Deed. The Trustee is correct.

State law determines when a transfer is perfected against a bona fide purchaser. Selby v. Ford Motor Co., 405 F. Supp. 164, 170 (E.D. Mich. 1975) (citing Corn Exch. Nat'l Bank v. Klauder, 318 U.S. 434 (1943)). The Home is in Michigan. Michigan law requires recording to perfect a transfer of real property against a bona fide purchaser. See Mich. Comp. Laws Ann. § 565.29 (an unrecorded transfer of real property is "void as against any subsequent purchaser in good faith and for a valuable consideration"); Hearn v. Bank of New York (In re Hearn), 337 B.R. 603, 610 (Bankr. E.D. Mich. 2006) ("In Michigan, a mortgage that is not recorded as provided by law is void as against any subsequent purchaser in good faith and for a valuable consideration . . . whose conveyance is recorded before such mortgage.").

- 10 -

20-04266-pjs    Doc 34    Filed 11/02/20    Entered 11/02/20 11:28:23    Page 10 of 17

The March Deed was never recorded so it was not perfected under Michigan law. Therefore, it was not superior to a bona fide purchaser of the Home from Debtor. There are no genuine issues of material fact in dispute. The Court will grant the Trustee Motion with respect to count VI of the first amended complaint.

## The December Deed

Count I seeks to avoid the December Deed under § 549(a) of the Bankruptcy Code. Under that section, the Trustee may avoid a transfer of property of the estate that occurs after the commencement of the case and that is not authorized under the Bankruptcy Code or by the Court.

The Defendant does not dispute that the Debtor filed her bankruptcy petition on October 16, 2019; that the December Deed was made and signed after that date; and that the December Deed quitclaimed an interest of the Debtor in the Home to the Debtor and the Defendant. The Defendant argues that the Debtor only made and signed the December Deed because the Debtor believed the Trustee's assistant instructed her to do so. The Court does not question the Debtor's sincerity in making this argument, but any instructions that the Debtor believes she was given simply do not mean that she was authorized either by the Bankruptcy Code or the Court to make and sign the December Deed.

There are no genuine issues of material fact in dispute under § 549(a). The Court will grant the Trustee Motion with respect to count I of the first amended complaint.

## Recovery and preservation of the avoided transfers

Count VII of the Trustee's first amended complaint is brought under § 550 of the Bankruptcy Code. Section 550(a) provides that, to the extent a transfer is avoided under §§ 544, 548 or 549, "the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property[.]" Recovery may be from the initial transferee or any immediate or mediate transferee of the initial transferee.

The Trustee alleges, and Defendant does not dispute, that Defendant is the initial transferee of the Home under both the March Deed and the December Deed. Because there are no genuine issues of material fact in dispute as to any element under § 550(a), the Court will grant the Trustee Motion with respect to count VII.

Section 551 of the Bankruptcy Code automatically preserves for the benefit of the estate any transfer avoided under §§ 544, 548 and 549. Because there are no genuine issues of material fact in dispute under § 551, the Court will grant the Trustee Motion with respect to count VIII.

## The Defendant's other arguments

The Defendant's response to the Trustee Motion does not raise a genuine dispute over any material issue of fact with respect to any of the five counts that are the subject of the Trustee Motion. Most of the Defendant's response to the Trustee Motion focuses on two arguments that the Court will now address.

The Defendant's first argument is that the Debtor only made and signed the December Deed because the Trustee's assistant instructed her to do so. Most likely, this was just a good faith misunderstanding between a pro se Debtor and an assistant to the Trustee based on a local court rule that requires a debtor to produce certain documents. Local Bankruptcy Rule 2003-2(b)(4) requires a debtor to produce both unrecorded and recorded deeds. When the Trustee's assistant asked the Debtor for a copy of the March Deed that was recorded, it seems the Debtor understood this to mean that she should now go ahead and record a deed to the Home. Hence, the December Deed.

The Court accepts the Defendant's explanation as to why the Debtor recorded the December Deed, but it has no relevance to the Trustee Motion. The Debtor's intent is not in issue under this section of the statute. As explained earlier, the December Deed is a post-petition transfer that is avoidable under § 549(a). All that

matters is whether the post-petition transfer was authorized by the Bankruptcy Code or the Court. It was not.

The Defendant's other argument is that the Trustee is somehow precluded from bringing this adversary proceeding because of the earlier dispute between the Debtor and the Trustee over the Debtor's exemptions. Here's what happened there.

On January 28, 2020, Trustee filed a motion to compel the Debtor to turn over the prorated amount of the Debtor's 2019 federal and state income tax refunds that exceeded the allowed amount of the Debtor's exemption under § 522(d)(5) of the Bankruptcy Code. The Debtor filed amended schedules but the Trustee still objected because the claimed exemption still exceeded the allowed amount under the statute. In response, the Debtor filed a third amended schedule C and a response to the Trustee's objection. The Court scheduled a hearing for March 6, 2020 but the hearing was not held because the Debtor and the Trustee reached a settlement.

On March 5, 2020, the Court entered an order based on a stipulation signed by the Debtor and the Trustee. The stipulated order recited the back and forth on the amendments and objections and limited the Debtor's § 522(d)(5) exemptions to $6,775.00, the maximum allowed under the statute. With that, Debtor's exemptions in cash, money on deposit, and $6,200.00 of 2019 tax refunds were allowed.

There is nothing in the stipulated order that impairs or even addresses the Debtor's claim of exemption in the Home. And there is nothing in the stipulated order that even mentions the March Deed or the December Deed. There is nothing in the stipulated order that prevents the Trustee from bringing this adversary proceeding against the Defendant, who was not in any way a party to or affected by the stipulated order. The Defendant's argument relating to the debtor's exemption does not provide a defense to the Trustee Motion.

Conclusion

The Trustee Motion is straight forward and the law is clear. Both the March Deed and the December Deed are avoided. That does not mean that the Court finds that there was any fraudulent intent on the Debtor's part or, for that matter, on the Defendant's part. The Court is not unsympathetic to the Debtor's desire to put her son's name on the Home in case of death. Nor is the Court unsympathetic to the Debtor's desire to want to protect her son in this adversary proceeding.[1] However,

---

[1] Following the hearing on October 30, 2020, it came to the Court's attention that the Debtor had called in to participate in the hearing but was not able to do so. The reason is because the Court announced at 9:30 a.m. to all parties on the designated telephone line that the Court would have to change to another telephone line because of static on the designated telephone line. Because the Debtor was not on the designated telephone line at 9:30 a.m. when the hearing was called, the Debtor did not know of the substitute telephone line that the Court had given to the parties who were in attendance when the hearing was called at 9:30 a.m. The Court does not ever wish to see someone miss the opportunity to participate in a hearing because they do not have the correct telephone number. In some instances, the Court has even vacated rulings that it has made when the Court later learns that a party was not present for this reason. But the Court is not going to do so in this case.

once the Debtor filed her bankruptcy petition, all the provisions in the Bankruptcy Code that are designed to recover assets for the benefit of the Debtor's creditors came into play. The provisions of the Bankruptcy Code relied on by the Trustee compel the Court to grant the Trustee Motion. Accordingly,

**IT IS HEREBY ORDERED** that the Trustee Motion is granted.

**IT IS FURTHER ORDERED** that summary judgment is granted in favor of the Trustee and against the Defendant on counts I, III, VI, VII and VIII of the Trustee's first amended complaint.

**IT IS FURTHER ORDERED** that the transfers made by the March Deed and the December Deed are avoided and are preserved for the benefit of the bankruptcy estate in bankruptcy case number 19-54711.

**IT IS FURTHER ORDERED** that this opinion and order may be recorded with the Wayne County Register of Deeds to evidence the avoidance and preservation of

---

First, it was not the Defendant who had the wrong telephone line. It was the Debtor. As explained earlier, the Debtor is not a party to this adversary proceeding. The Court took pains at the initial conference in this adversary proceeding to explain to the Debtor that no matter how well intentioned she may be, she is not an attorney and she does not have the right to represent the Defendant who is neither a minor nor an incapacitated individual. Second, even if the Debtor had appeared and been allowed to participate in the hearing it would have made no difference in the outcome. For the reasons explained in this opinion and order, the Defendant had failed in the papers he filed to raise even a single genuine dispute over any material fact. There is no question that the Court would have still granted the Trustee Motion on its merits even if the Debtor had appeared at the hearing.

the transfers described in this opinion and order with respect to the real property referred to herein as the Home and more particularly described as follows:

> LOT 164 OF ALPER-GREEN SUBDIVISION, AS RECORDED IN LIBER 71, PAGE 87 OF PLATS, WAYNE COUNTY RECORDS. Commonly described as: 20314 Murray Hill, Detroit, Michigan 48235. Property ID No. Ward 22 Item 060227.027.

**Signed on November 2, 2020**

/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**